

September 11, 2023

ALBANY
NEW YORK

ATLANTA
GEORGIA

ATLANTIC CITY
NEW JERSEY

BILOXI
MISSISSIPPI

BOSTON
MASSACHUSETTS

CHICAGO
ILLINOIS

CINCINNATI
OHIO

DETROIT
MICHIGAN

HOUSTON
TEXAS

MIAMI
FLORIDA

MILWAUKEE
WISCONSIN

NEW YORK
NEW YORK

PHILADELPHIA
PENNSYLVANIA

RENO
NEVADA

SACRAMENTO
CALIFORNIA

SALEM
OREGON

SAN FRANCISCO
CALIFORNIA

SANTA ANA
CALIFORNIA

TRI CITIES
WASHINGTON

TUCSON
ARIZONA

**Filed by ECF**
Hon. Nelson Stephen Roman
United State District Court
Southern District of New York
Hon. Charles L. Brient Jr. Federal Building
300 Quarropas Street
White Plains, NY 10601-4150

Re:     *Nicholas Franchilli v. Albert Einstein College of Medicine et al;*
        *Docket No. 7:23-cv-4940* – Response to 9/6/2023 Letter to the court by Defendants

Dear Judge Roman:

We represent Mr. Nicholas Franchilli, the Plaintiff, in the matter of *Nicholas Franchilli v. Albert Einstein College of Medicine et al*, Docket #7:23-cv-4940.  This letter is in response to Defendant's September 6, 2023 letter to the court requesting a pre-conference to seek leave to renew Defendants' motion to dismiss the complaint.

This civil action was filed on behalf of Mr. Franchilli on June 13, 2023, alleging violations of Title VII of the Civil Rights Acts of 1964 (42 U.S.C. § 2000e *et seq.*), New York City Human Rights Law (NYCHRL) – Administrative Code of the City of New York §8-107, and the New York State Human Rights Law (NYSHRL) – New York Executive Law, Article 15 § 296 – Unlawful Discriminatory Practices.  Mr. Franchilli was employed with the Defendants from 2018 to 2021.

The complaint plausibly states religious discrimination claims under Title VII, NYSHRL, and NYCHRL.  For the Title VII claim, as noted within the First and Second Causes of action, the Plaintiff plausibly pleads that: (a) Mr. Franchilli is a practicing Roman Catholic with sincerely held religious beliefs that conflicted with the Defendants' COVID vaccination policy, which became a condition of Plaintiff's continued employment with Defendants (¶¶ 39-41, 45, 48-49, 103 of the filed complaint); (b) Mr. Franchilli informed Defendants that their policy conflicted with his faith. (¶¶ 50-51, 53-54 of the filed complaint); (c) though the Plaintiff was already working from home, the Defendants refused to allow him to continue working remotely from home, in order that he could remain employed as he performed all of the functions of his job while honoring his sincerely held religious beliefs (¶¶ 52, 55-56 of the filed complaint);  Defendants insisted that Mr. Franchilli could either be vaccinated or terminated (¶ 55); and (d) Mr. Franchilli suffered an adverse employment action of (1) placement on unpaid leave on August 2, 2021, followed by (2) termination on August 18, 2021 ( ¶¶ 62-64 of the filed complaint).

Discrimination claims under the New York State Human Rights Law are subject to the same analysis as applied under Title VII. See *Brown v. Daikin*, 756 F. 3d 219, 220 (2d Cir. 2014). In the third cause of action, the complaint alleges that Mr. Franchilli (a) holds a

_____
*www.PJI.org*
中文 chinese.pji.org • 한국어 korean.pji.org • Русский russian.pji.org • Español spanish.pji.org

sincere religious belief that conflicts with compliance with the Defendants' COVID vaccine policy, which became a condition of his employment (¶¶ 39-41, 45, 48-49, 103 of the filed complaint); (b) Mr. Franchilli informed the Defendants that of the conflict and requested a religious exemption and accommodation (¶¶ 50-51, 53-54 of the filed complaint); (c) The Defendants refused to allow Mr. Franchilli to continue working remotely in order to perform his employment related responsibilities, maintain his sincerely held religious beliefs, and keep his job (¶¶ 52, 55-56 of the filed complaint); and (d) Mr. Franchilli suffered an adverse employment action of placement on unpaid leave followed by termination ( ¶¶ 62-64 of the filed complaint).

NYCHRL claims are also analyzed under a similar standard to those of Title VII.  See *Mihalilk v. Credit Agricole Cheuvreux N.Am., Inc.,* 715 F. 3d 102, 109 (2d Cir. 2013), as cited in *Marte v. Montefiore Medical Center*, 2022 U.S. Dist. LEXIS 186884 at *19, 2022 WL 7059182 (S.D.N.Y. Oct. 2022). Within the fourth cause of action, the complaint alleges that Mr. Franchilli (a) has a bona fide religious belief that conflicted with an employment requirement set forth by the Defendants (¶¶ 39-41, 45, 48-49, 103 of the filed complaint); (b) Mr. Franchilli informed the Defendants of his belief and that their vaccine policy conflicted with his faith. He requested a reasonable accommodation (¶¶ 50-51, 53-54 of the filed complaint); and (c) Mr. Franchilli was disciplined for failing to comply with the conflicting employment requirement ( ¶¶ 55, 62-64 of the filed complaint).  See also *Price v. Cushman & Wakefield, Inc.,* 829 F. Supp. 2d 201, 222 (S.D.N.Y. Nov. 2011)

Mr. Franchilli's faith forbids him from taking the COVID-19 vaccine because the vaccines are connected with the testing and trials using aborted fetal tissue.  The Defendants were well aware that the Plaintiff had religious objections to the vaccine, as Plaintiff memorialized his objections in writing to the Defendants.  At the time, Plaintiff had been working efficiently from his home for over one year.  The most reasonable accommodation was to allow the Plaintiff to remain at home where he posed no health or safety risk period to other staff.  Furthermore, because the Plaintiff was performing the same tasks at home that he performed while in the office, the Defendants would not have had to expend any additional energy or money to maintain their operations.

This accommodation request was proposed to the Defendants, yet no effort was made to try and even discuss the Plaintiff's accommodation request.  The interactive process required the effort of both Plaintiff and Defendant to reasonable engage in discussions to assess the appropriate accommodation.   As part of the filed Declaration of Johane Severin, Esq., counsel for the Defendants, Defendants noted an email communication between the Plaintiff and Defendant from August 13, 2021.  However, Plaintiff's communications with the Defendants regarding his accommodation requests started in July 2021, with the defendants telling him that he either receives the vaccine, submit to Defendant's accommodation, or be terminated. (¶¶ 50-56 of the complaint).  In the August 13th communication, Plaintiff is trying to engage in a reasonable discussion with the Defendant, presenting options for continued employment.  Yet, by that time, Plaintiff had already been placed on unpaid leave for failing to comply.  On August 18th, 2021, Plaintiff was summarily terminated from his job.  (¶ 63)

2

If the Plaintiff was forced to come to the office, he would have been forced to endure a nasopharyngeal test, which went against his faith. In addition, Plaintiff would not have been allowed on the premises without a negative test result, which at that time, would have taken a couple of days to receive. (¶¶ 57- 61) This also meant several unpaid days of work each week, which is not a reasonable accommodation. All of this would have been done in the name of health and safety, while remaining at home would have posed no health or safety risk. Thus, no need for alternative safety protocols as applied to the Plaintiff, since he was already working efficiently from home and posed no risk.

The Plaintiff having to violate his faith in the name of employment does not reflect a reasonable accommodation. According to the recent United States Supreme Court decision in *Gerald E. Groff v. Louis DeJoy*, 216 L.Ed.2d. 1041, 1059, 2023 U.S. LEXIS 2790 **32, 143 S. Ct. 2279 (2023), the court ruled that it was "…enough to say that an employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." When determining undue hardship, "court must apply the test in a manner that takes into account all relevant factors in the case at hand, including the particular accommodations at issue and their impact in light of the nature, size and operating costs of [an] employer." For Mr. Franchilli, this would also include engaging in meaningful cooperative dialogue about possible accommodation arrangements, which did not take place for him at all.

In response to the Defendants' comments regarding all three entities as parties to this complaint, both Albert Einstein College of Medicine and Montefiore Medical Center operate under the auspices of Montefiore Health System, Inc. Montefiore Medical Center is a teaching hospital facility connected with Albert Einstein College of Medicine (¶¶ 10-12 of the complaint). In 2015, Albert Einstein College of Medicine merged with Montefiore Health System, and through further discovery, additional information could be recovered to show the extent of influence one had on the other.

We request that this court take into consideration our response as noted above and allow this action to proceed accordingly.

Very truly yours,


___/S/ *Mishael M. Pine*___

Mishael Pine
Staff Attorney
PACIFIC JUSTICE INSTITUTE
www.pji.org
*Counsel for Plaintiff*

cc:     All counsel via ECF

3